Xhavin Sinha (CA # 309340)
SINHA LAW
3901 Lick Mill Blvd., Suite 356
Santa Clara, CA 95054
Telephone: (408) 791-0432
Email:  xsinha@sinha-law.com

Attorney for Plaintiff
RADUS TEK SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RADUS TEK SERVICES, INC., a New Jersey )   Case No.: 5:24-cv-04793-PCP
corporation, and on behalf of all others )
similarly situated, )
  )   **DECLARATION OF XHAVIN SINHA IN**
  )   **SUPPORT OF MOTION FOR DEFAULT**
  )   **JUDGMENT**
        Plaintiff, )
  )
    vs. )
  )
IDC TECHNOLOGIES, INC., a California )
corporation; PRATEEK GATTANI, an )
individual; TATA CONSULTANCY )
SERVICES LTD., an Indian corporation; and )
DOES 1-20, inclusive, )
  )
        Defendants. )
  )

I, XHAVIN SINHA, declare:

    1.    I am an attorney licensed in California (Bar No. 309340), admitted to practice before this Court, principal of Sinha Law, and counsel of record for Plaintiff Radus Tek Services, Inc. ("Radus Tek"). I have personal knowledge of the facts stated herein and could competently testify thereto.

DECLARATION OF X. SINHA IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

2.      I submit this declaration in support of Radus Tek's Motion for Default Judgment against Defendants IDC Technologies, Inc. ("IDC") and Prateek Gattani ("Gattani") pursuant to Fed. R. Civ. P. 55(b)(2).

**AUTHENTICATION / RECORDS**

3.      In the ordinary course of this representation, Radus Tek provided true and correct copies of its Professional Services Agreement, purchase orders, invoices, and correspondence related to IDC and Gattani, which I maintain in my firm's file.

4.      I have reviewed the First Amended Complaint ("FAC") filed September 12, 2024 [Dkt. 13] and its exhibits, including: (a) the December 19, 2019 Professional Services Agreement (FAC Ex. B); (b) purchase orders for S.M.R. Hassan and F. Makati (FAC Ex. C); (c) fourteen invoices totaling $144,704.00 for June–December 2023 services (FAC Ex. D); and (d) IDC's March 9, 2024 email regarding payment timing (FAC Ex. E). These are true and correct copies of business records provided by my client and reviewed by me. Contemporaneous copies are maintained and can be provided at the Court's request.

**SERVICE, DEFAULT, AND RULE 55 SHOWINGS**

5.      IDC and Gattani were served with the summons and First Amended Complaint on October 2, 2024. Proofs of service were filed October 11, 2024. [Dkts. 18–19.]

6.      Service followed multiple earlier attempts by a registered process server. Three unsuccessful attempts cost $339.08; successful personal service was completed October 2, 2024 at 642 Troon Court, Milpitas, California 95035.

7.      Defendants' responses were due October 23, 2024. Neither defendant filed an answer, Rule 12 motion, or other responsive pleading, and neither has appeared.

DECLARATION OF X. SINHA IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

8. On June 27, 2025, I filed a Request for Entry of Default [Dkt. 42]. The Clerk entered default as to IDC and Gattani on June 30, 2025 [Dkt. 43]. Default has not been vacated.

9. To the best of my knowledge and belief, neither IDC nor Gattani is an infant or incompetent person.

10. SCRA. Based on my investigation, including a check of the Department of Defense Manpower Data Center (DMDC) Servicemembers Civil Relief Act website using the identifying information in our file, Prateek Gattani is not on active duty as of November 6, 2025. I can provide the DMDC status response upon request. IDC is a corporation and not eligible for military service. Public records further indicate Gattani serves as Chairman of the Board of Atlantic International Corporation, which is inconsistent with active military duty.

**ATTORNEY'S FEES**

11. Contractual Fee Clause. Section 12 of the Professional Services Agreement states: "In the event of any litigation arising out of or related to this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs." (FAC Ex. B § 12.)

12. Experience and Rate. I have practiced since 2017, focusing on commercial litigation and contract enforcement in state and federal courts. My standard hourly rate is $500; for Radus Tek I applied a discounted rate of $350/hour.

13. Hours and Lodestar (summary). I maintain contemporaneous time records. Below is a summary of reasonably expended hours:

| Date Range | Task | Hours |
|---|---|---|
| July 2024 | Investigation, demands, pre-litigation efforts | 24.62 |
| August 2024 | Drafting/filing original Complaint | 8.75 |
| August – October 2024 | Coordinating service of process | 0.5 |
| September 2024 | Drafting/filing First Amended Complaint | 11.34 |

DECLARATION OF X. SINHA IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

| October 2024 | Review TCS motion; research | 3.56 |
|---|---|---|
| October – November 2024 | Opposing TCS Motion to Dismiss | 14.31 |
| December 2024 | Hearing; conference with client | 8.66 |
| June 2025 | Request for Entry of Default | 0.5 |
| October 2025 | Default judgment motion & this declaration | 5.76 |
| TOTAL | | 78.00 |

14.     The resulting lodestar is 78.00 hours × $350/hour = $27,300.00.

15.     Voluntary Reduction. In light of Plaintiff's small-business status and having fronted over $120,000 in payroll for work IDC approved, I request $15,000.00 in attorney's fees—a voluntary reduction of $12,300.00 (effective rate: ≈$192.31/hour).

16.     Records Availability & Meet-and-Confer Certification. My firm maintains contemporaneous time records supporting the above hours and rates and will submit them if the Court so requests. Pursuant to Civil L.R. 54-5(b), a conference could not occur because Defendants have not appeared.

**COSTS**

17.     Plaintiff incurred $912.25 in necessary costs taxable under 28 U.S.C. §§ 1914, 1920 and Civil L.R. 54-3, consisting of: (a) the civil filing fee of $405.00; and (b) private process-server fees of $507.25 reflecting multiple required attempts and the final successful service. Receipts are maintained in the ordinary course and will be provided upon request. Alternatively, Plaintiff is prepared to submit a post-judgment Bill of Costs pursuant to Civil L.R. 54-1.

**PREJUDGMENT INTEREST**

18.     I calculated prejudgment interest under Cal. Civ. Code §§ 3287(a) and 3289(b) at 10% simple interest per annum from each invoice's contractual due date (30 days after submission)

DECLARATION OF X. SINHA IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

through October 28, 2025, as itemized in the motion's interest table. The total prejudgment interest through that date is $28,857.69.

19.    Interest continues to accrue after October 28, 2025 at **$39.64 per day** ($144,704.00 × 10% ÷ 365).

**DAMAGES SUMMARY**

20.    Plaintiff's totals through October 28, 2025 are:

21.    **Principal:** $144,704.00

22.    **Prejudgment interest:** $28,857.69

23.    **Attorney's fees:** $15,000.00

24.    **Costs:** $912.25

25.    **TOTAL: $189,473.94**

26.    These amounts are liquidated, supported by business records and sworn testimony, and consistent with IDC's approval of the underlying services and Defendants' failure to pay or appear. Plaintiff moves under Rule 55(b)(2) for judgment on the served FAC, and the requested relief does not exceed the FAC's prayer. See Fed. R. Civ. P. 54(c).

27.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 6, 2025, at Santa Clara, California.

By: _____
        Xhavin Sinha

DECLARATION OF X. SINHA IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT