UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RADUS TEK SERVICES, INC.,

Plaintiff,

v.

IDC TECHNOLOGIES INC., et al.,

Defendants.

Case No. 24-cv-04793-PCP

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. No. 49

Plaintiff Radus Tek Services, Inc. (Radus Tek) moves for entry of default judgment against defendants IDC Technologies (IDC) and Prateek Gattani. Radus Tek alleges that, pursuant to a contract with IDC, it provided defendants with the service of two information technology staffers, for which Radus Tek was to be compensated at the end of each month. IDC, however, failed to pay fourteen Radus Tek invoices totaling $144,704.00. Gattani is the "majority shareholder, the only Director, the Chief Operating Officer, the Secretary and the Chief Financial Officer for IDC Technologies."

Radus Tek sued IDC, Gattani, and Tata Consultancy Services on August 7, 2024. Radus Tek effected service on IDC and Gattani on October 2, 2024. After this Court granted Tata Consultancy Services' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Radus Tek voluntarily dismissed its case against Tata Consultancy Services without prejudice on June 9, 2025, leaving only IDC and Gattani in this litigation.

After voluntarily dismissing Tata Consultancy Services, Radus Tek moved for entry of default against IDC and Gattani, which the Clerk of Court entered on June 30, 2025. On November 6, 2025, Radus Tek filed the instant motion for entry of default judgment. The Court heard argument on the motion from Radus Tek. At no point in these proceedings has IDC or Gattani made an appearance.

United States District Court
Northern District of California

## I.    Default Judgment

Federal Rule 55(b)(2) allows a party "to apply to the court for a default judgment." The decision to enter a default judgment is entirely within the district court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Courts consider the following factors in determining whether default judgment is proper:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Where a plaintiff seeks default against a non-appearing defendant, the court "should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court must also assess the adequacy of service of process on the non-appearing party. *See, e.g.*, *Innovative Sports Management, Inc. v. Nunez*, No. 22-cv-07136-JSC, 2023 WL 4551069, at *2 (N.D. Cal. July 13, 2023).

The *Eitel* factors supporting entering default judgment against the defendants. The first *Eitel* factor supports default judgment because without default judgment Radus Tek will be unable to legally obtain compensation for the services it provided IDC. The second and third *Eitel* factors support default judgment because Radus Tek's complaint states a facially valid cause of action against IDC for breach of contract. The fourth factor favors default judgment because the sum of money at stake reflects the services Radus Tek provided to IDC without compensation. The fifth factor is neutral because the Court cannot know whether there will be a dispute concerning material facts given that defendants have not appeared in this action. The sixth factor favors default judgment because defendants were served and have not appeared nor does there appear to be a justifiable reason for default. The seventh factor, "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," weighs against default judgment because of the Federal Rules' "strong policy" of deciding cases on the merits. *Eitel*, 782 F.2d at 1472.

Thus, the first, second, third, fourth, and sixth factors favor entry of default judgment, the fifth is neutral, and the seventh weighs against its entry. Because "numerous factors weigh in favor of entry of default judgment," Radus Tek's motion for entry of default judgment is granted. *See NewGen*, 840 F.3d at 616.

## II.    Damages

Radus Tek requests actual damages, prejudgment interest, fees, costs, and postjudgment interest. The Court considers each in turn.

First, Radus Tek requests contractual damages for the services provided by Radus Tek employees Syed Muhammed Raheel Hassan and Firoz Makati. Radus Tek's first amended complaint attached invoices from Hassan and Makati showing that they provided $144,704.00 in services to IDC pursuant to the parties' contract. Those amounts have been further confirmed by a declaration from Radus Tek's counsel. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). Radus Tek's request for $144,704.00 in actual contract damages is adequately supported and therefore granted.

Second, Radus Tek requests prejudgment interest on the $144,704.00 balance it is owed dating from the date payment was due to the date of this judgment. California Civil Code Section 3287(a) states that "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day…." California Civil Code Section 3289(b) provides, "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." The "Professional Services Agreement" that Radus Tek and IDC entered into does not specify a rate of interest for damages stemming from a breach. *See* Dkt. No. 13, Exhibit B. The Court therefore applies the 10 percent annual interest rate.

Radus Tek has calculated the prejudgment interest due for each unpaid invoice based on the number of days that those invoiced amounts are overdue. Radus Tek has calculated the interest that has accrued based on a 10 percent annual interest rate with no compounding from the date an invoice was due to October 28, 2025. *Id.* Radus Tek also requests prejudgment interest for the

United States District Court
Northern District of California

3

period from October 29, 2025, to the date of this entry of judgment at a rate of $39.64 per day.[1] The Court agrees that Radus Tek is entitled to prejudgment interest of $37,459.57 and concludes that Radus Tek's calculations—of the total prejudgment interest due until October 28, 2025, of $28,857.69, and of the prejudgment interest due from October 29, 2025 to the date of the entry of this judgment—are accurate. The Court therefore grants Radus Tek's request for prejudgment interest in the amount of $37,459.57.

Third, Radus Tek requests attorneys' fees. Radus Tek's agreement with IDC provided for the prevailing party to "be entitled to reasonable attorney fees and costs…." Counsel for Radus Tek has declared under penalty of perjury that he expended 78.0 hours of work at a rate of $350 per hour, resulting in a $27,300.00 lodestar. Some of counsel's work was spent litigating Radus Tek's claims against Tata Consultancy Services, however, and that time is not compensable here. Radus Tek has accordingly requested only $15,000.00. The Court concludes that counsel's request is reasonable and grants it.

Fourth, Radus Tek requests reimbursement of costs incurred in filing this case and engaging the services of a private process-server who had to attempt services multiple times. Radus Tek requests $912.25—$405.00 for the filing fee and $507.25 for process-server fees. Radus Tek's request is granted.

Finally, Radus Tek requests post-judgment interest. Section 1961 of Title 28 of the U.S. Code provides for interest on money judgments in civil cases. 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* That interest rate is 3.80 percent. *See* Selected Interest Rates Instruments, Yield in Percent Per Annum, Weekly, Fed. Rsrv. Bank of St. Louis, https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od=. Radus Tek's request for post judgment interest is granted.

---

[1] Radus Tek appears to have calculated the daily prejudgment interest rate by dividing the interest rate of 10 percent by 365 to get the daily interest rate and then calculating it to the total outstanding amount, $144,704.00. Ten percent divided by 365 multiplied by $144,704.00 equals $39.64.

Accordingly, default judgment is entered as to IDC Technologies, Inc., and Prateek Gattani in the amount of $198,075.82, with the amount to increase based on the amount of post-judgment interest due.

**IT IS SO ORDERED.**

Dated: June 2, 2026

P. Casey Pitts
United States District Judge